IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICK J. FITZGERALD,

                    Plaintiff,                                        ORDER

     v.                                                            07-C-61-C

JAMES GREER, Health Services Administration WDOC;
HELEN NELSON, Health Services Administrator WDOC;
TIMOTHY CORRELL, MD, Dodge Correctional Institution;
DEB LEMKE, MD, Oshkosh Correctional Institution;
ROMAN Y KAPLAN, Health Services Unit, WDOC/OSCI;
NANCY BOWENS, Nurse Practitioner WDOC/OSCI; and
JENNIFER DELVAUX, Inmate Complaint Examiner, WDOC/OSCI,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff has filed a 48-page proposed amended complaint. Because plaintiff filed the complaint within the deadline imposed by the magistrate judge, dkt. #41, it was not necessary for him to obtain leave of court under Fed. R. Civ. P. 15. Thus, the only question is whether the claims in the new complaint survive screening under 28 U.S.C. § 1915, which requires the court to dismiss a prisoner's claims if they are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages.

1

In plaintiff's original complaint, he alleged that he had been in a serious car accident, causing numerous vertebrae and rib fractures. Since the accident, he has endured constant pain that he contends had not been treated properly since his incarceration, first at the Dodge Correctional Institution and Kettle Moraine Institution and then at Oshkosh Correctional Institution. Plaintiff raised a number of Eighth Amendment claims against prison staff at these institutions for failing to provide adequate medical care.

In the original screening order, I allowed plaintiff to proceed on four claims:

1. Between April 4, 2005 and June 20, 2005, defendant Timothy Correll failed to treat plaintiff's medical conditions, deliberately causing plaintiff months of irregular heartbeat and severe pain, in violation of the Eighth Amendment.

2. Beginning in January 2006, to the present, defendants Roman Kaplan and Nancy Bowens disregarded plaintiff's pleas for increased pain medication for the purpose of causing plaintiff to suffer needlessly.

3. Defendants Jennifer Delvaux, Casperson, Nelson and Greer (all administrators) turned a blind eye to plaintiff's pleas for intervention to obtain proper medical assistance; (I later dismissed the complaint as to defendant Casperson because plaintiff was unable to serve him, dkt. #26; defendant Nelson was never served or even identified because the Department of Corrections could not locate any employee by that name; I did not dismiss that defendant expressly but instead treated her as a Jane Doe defendant, dkt. #14; because

2

Nelson is not named in plaintiff's amended complaint, I will dismiss her from the case).

4.  Defendant Deb Lemke deliberately cancelled an appointment plaintiff had to discuss his pain and isolated him with an inmate with a contagious skin disease in retaliation for plaintiff's having filed a supervisory writ in state court.

Many of the amendments in plaintiff's new complaint simply add factual detail to the claims on which plaintiff is already proceeding.  It is therefore unnecessary to consider those allegations any further.  This includes all the allegations against defendant Jennifer Delvaux, a complaint examiner against whom I allowed plaintiff to proceed on the theory that she knew plaintiff was receiving inadequate medical treatment and refused to intervene. However, plaintiff has also included new claims and new defendants.  Before plaintiff can proceed with these claims, I must determine whether he has stated a claim upon which relief may be granted.  Because plaintiff has organized his claims by defendant, I will do the same.

### A.  New Claims against Current Defendants

1. Timothy Correll

Plaintiff adds two claims against defendant Correll: (1) "he restricted plaintiff to the Health Services Unit" and (2) he ordered plaintiff to wear work boots instead of sneakers "as punishment and/or retribution" because Correll believed that plaintiff had inaccurately reported his "HIV status."  Cpt., dkt. #46, at ¶¶35, 190.

3

By itself, being confined to the Health Services Unit is not a violation of the Eighth Amendment, even if such placement was "punishment." The Constitution does not prohibit the punishment of prisoners, even unfair punishment; rather, the Eighth Amendment prohibits "cruel and unusual" punishment only. In the context of medical care, the Supreme Court has defined this to mean the disregard of a serious medical need. Estelle v. Gamble, 429 U.S. 97 (1976). Thus, unless plaintiff received less adequate treatment in the Health Services Unit than elsewhere, there was no Eighth Amendment violation in keeping him there. Plaintiff does not allege that his treatment changed for the worse, only that he became ineligible for the "earned release program." Accordingly, this claim must be dismissed.

With respect to the change in plaintiff's footwear, it seems highly unlikely that plaintiff will be able to prove that the difference between work boots and sneakers is so great as to constitute the disregard of a serious medical need. However, plaintiff does allege that he had severe pain in his feet and legs and that walking and even standing could be extremely difficult for him. Thus, if plaintiff can show that wearing the work boots caused him significant pain, that defendant Correll knew this and that wearing sneakers would help alleviate that pain, plaintiff could prevail under the Eighth Amendment. Accordingly, I will allow him to proceed on this claim.

To the extent that plaintiff's reference to "retribution" means that he intends to assert a retaliation claim, he does not state a claim upon which relief may be granted. Claims for

4

retaliation are limited to actions taken in response to the plaintiff's exercise of a constitutional right.  Babcock v. White, 102 F.3d 267 (7th Cir. 1996).  Because lying about one's medical status is not protected by the First Amendment, Hale v. Scott, 371 F.3d 917, 918-19 (7th Cir. 2004), plaintiff cannot proceed on a retaliation claim.

2.  Roman Kaplan

Most of the claims plaintiff asserts against defendant Kaplan in the new complaint are related to Kaplan's alleged failure to adequately treat plaintiff's pain, including a failure to prescribe adequate medication and perform a proper medical examination.  In the screening order, I focused on the failure to provide pain medication, but any failure to provide treatment could give rise to an Eighth Amendment claim, so I will allow plaintiff to proceed on a more general failure to treat claim.

Plaintiff's two new claims are that Kaplan (1) told plaintiff that he did not care about plaintiff's pain or suffering; and (2) created "a policy and custom and/or allow[ed] the continuance of a policy and custom, under which inmates were deprived of his medical care."

The first "claim" is not a claim at all.  Statements cannot violate the Eighth Amendment, no matter how vicious they are.   What matters is what an official does, not what he says. Statements can be *evidence* of a claim that a failure to treat a medical condition was a result of deliberate indifference, but they do not state a claim under the Eighth

5

Amendment by themselves.

With respect to the second claim, plaintiff fails to identify the "policy and custom" of defendant Kaplan that he is challenging. Thus, he has not given Kaplan sufficient notice of this claim as required by Fed. R. Civ. P. 8. To the extent plaintiff means to allege only that Kaplan had a policy or custom of not adequately treating pain, such a claim is simply a restatement of the claims on which plaintiff is already proceeding.

3. Nancy Bowens

Plaintiff reasserts his claim that defendant Bowens failed to prescribe adequate medication to plaintiff. His only new claim against her is that she stated to him that he would not receive any medication because he was being punished for his crime. Again, this may be evidence that defendant was deliberately indifferent to plaintiff's health when she denied him pain medication, but it is not a freestanding claim.

4. Deb Lemke

Currently, plaintiff is proceeding against defendant Lemke on two claims: that she (1) deliberately cancelled a doctor's appointment and (2) housed plaintiff with another prisoner with a contagious disease, both because he filed a supervisory writ in state court, in violation of his right of access to the courts. In his amended complaint, plaintiff seeks to

6

significantly expand these claims to include a refusal to prescribe pain medication; "ignoring" plaintiff's medical need by "willfully disregarding his medical history"; discontinuing a prescription for an extra pillow; writing false statements in plaintiff's medical file; and "creating" and "carrying out" a "policy and custom under which inmates would be deprived of adequate medical care."

As I discussed in the original screening order, a refusal to provide needed medication could give rise to an Eighth Amendment claim. But like defendant Correll's alleged failure to provide plaintiff with sneakers, it is less likely that the lack of an extra pillow could lead to an injury serious enough to trigger Eighth Amendment protections. However, at this stage of the proceedings, I will assume that plaintiff had a serious medical need for the pillow and that defendant Lemke was aware of this need.

With respect to defendant Lemke's alleged refusal to look at plaintiff's medical history, plaintiff does not necessarily have a constitutional right to a specific type of treatment, only a right that prison medical staff take reasonable measures of some kind to treat his serious medical needs. Pinkston v. Madry, 440 F.3d 879, 891-92 (7th Cir. 2006). Thus, this allegation is simply part of a broader claim that Lemke failed to adequately treat plaintiff's pain. It is that broader claim on which I will allow plaintiff to proceed.

With respect to the alleged writing of false statements in plaintiff's medical file, providing false information could constitute an Eighth Amendment violation only if plaintiff

7

was denied or delayed treatment as a result of the lies. Although plaintiff alleges that Lemke "attempted" to interfere with plaintiff's future medical treatment "by asking that her notes be flagged for Nurse Edwards' review," Amended Cpt., dkt. #46, at ¶112, he does not allege that Edwards actually declined to give plaintiff any treatment as a result of the false information or even that Edwards ever read the notes. Nevertheless, the court of appeals has admonished district courts that "[s]ilence is just silence and does not justify dismissal unless Rule 9(b) requires details. Arguments that rest on negative implications from silence are poorly disguised demands for fact pleading." Kolupa v. Roselle Park District, 438 F.3d 713, 715 (7th Cir. 2006). (Whether this rule may have been altered by the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), is a question I will leave for the court of appeals to resolve.)

Plaintiff *does* allege that Edwards later denied plaintiff treatment, as I will discuss below. Accordingly, I will assume that Lemke intentionally included false information in plaintiff's medical file for the purpose of interfering with his treatment and that plaintiff was later denied treatment as a result. Plaintiff will have to come forward with evidence to prove this at summary judgment or at trial.

Plaintiff's claim that Lemke had a policy and custom of failing to provide medical care has the same flaw as plaintiff's similar claims against other defendants: he does not identify what that policy or custom is. Accordingly, I will dismiss the complaint as to that claim.

8

4. James Greer

In his original complaint, plaintiff alleged that he complained to defendant Greer about his medical problems and Greer refused to do anything about it. Plaintiff has abandoned that claim in his amended complaint and has replaced it with a claim that defendant Greer, as the director of the Bureau of Health Services, has a policy of refusing to treat a prisoner's chronic pain with anything except ibuprofen and naproxen, no matter how serious the pain is. To the extent that such a policy does exist, there may be legitimate penological reasons for it. However, I cannot conclude at the screening stage that a blanket policy of denying stronger medication to prisoners with long term pain is a reasonable response to a serious medical need. Accordingly, I will allow plaintiff to proceed on this claim.

B. New Claims against New Defendants

1. Thomas Edwards

In the original screening order, I dismissed the complaint as to defendant Edwards because plaintiff had failed to identify the actions Edwards took that violated plaintiff's rights. In his amended complaint, plaintiff identifies two discrete acts by Edwards that allegedly violated the Eighth Amendment: (1) in September 2006, a refusal to provide any

9

treatment to plaintiff after he complained to Edwards about chronic pain; (2) in February 2007, a refusal to refer plaintiff to an orthopedist or chronic pain specialist when he requested one.

With respect to the first allegation, a refusal to take any action in the face of a known serious medical need may violate the Eighth Amendment, so I will allow plaintiff to proceed on this claim. With respect to the second allegation, again, plaintiff did not necessarily have a right to be referred to a specific kind of doctor, but he may have had a right to more treatment than he was getting. Because it appears that defendant Edwards did not provide any treatment to plaintiff in February 2007, I will allow plaintiff to proceed on this claim as well.

In addition to his claims regarding specific refusals to provide treatment, plaintiff alleges that defendant Edwards, as the health services unit manager, was responsible for the policy of refusing to prescribe any medication except ibuprofen and naproxen for long term pain. Because this claim is identical to the one on which I am allowing plaintiff to proceed against defendant Greer, I will allow plaintiff to proceed against defendant Edwards as well.

2. Patricia Voermans

Defendant Voermans was a complaint examiner who affirmed the recommendations of defendant Delvaux to dismiss various grievances plaintiff filed in 2006 regarding his

10

medical care. Because I allowed plaintiff to proceed against defendant Delvaux on this claims in the original screening order, I will allow plaintiff to proceed against defendant Voermans as well on the theory that Voermans knew that plaintiff was getting inadequate treatment, had the authority to correct a deficiency and refused to do so. Fillmore v. Page, 358 F.3d 496, 505-06 (7th Cir. 2004).

3. William Pollard

Defendant Pollard is the warden of the Green Bay Correctional Facility, where plaintiff was transferred in early September 2007. Plaintiff alleges that Pollard "has maintained a de facto unconstitutional custom or practice of permitting, ignoring and condoning, counselors, officers, doctors, and medical personnel to delay in providing access and delivery of adequate medical care of Mr. Fitzgerald's diagnosed Chronic Pain Syndrome." Am. Cpt., dkt. #46, at 46. But plaintiff does not identify what that policy or custom is. Instead, he alleges that defendant Pollard has (1) placed plaintiff in a cell that requires him to climb stairs, which significantly aggravates plaintiff's pain, despite the availability of other cells; and (2) refused to authorize an extra pillow or mattress for plaintiff, despite plaintiff's continuing pain in his neck, shoulders and back. Accordingly, I will allow plaintiff to proceed on the claims regarding specific denials of treatment, but I will not allow him to proceed on a claim that Pollard is responsible for an unconstitutional

policy or custom because plaintiff has not provided Pollard with adequate notice of that claim.

### C. John Doe Claims

Plaintiff has asserted claims against "Does 1-10," but it is clear from his allegations against these unnamed defendants that the only purpose of the claims is an attempt to reserve his right to amend his complaint at a later date. Normally, the purpose of naming a "John Doe" defendant is that the plaintiff is aware of conduct by a particular official that he believes violates his rights, but he does not know the name of that official. Donald v. Cook County Sheriff's Department, 95 F.3d 548, 555 (7th Cir.1996) ("[W]hen the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint.").

In this case, plaintiff has not identified any particular conduct of the Doe defendants. He alleges only that the Does "deprived [plaintiff] of adequate medical care" without saying what they did or did not do or when and where the alleged deprivations occurred. I will not allow plaintiff to proceed on these "claims." If plaintiff later discovers additional defendants who he believes have violated his right to adequate medical care, he may seek leave to amend his complaint at that time, so long as he is able to meet the requirements of Fed. R. Civ. P.

15.

ORDER

IT IS ORDERED that

1. Plaintiff Patrick Fitzgerald's first amended complaint is ACCEPTED as the operative pleading in this case.

2. Plaintiff is GRANTED leave to proceed on the following claims:

a. Defendant Timothy Correll forced plaintiff to wear work boots rather than sneakers, in violation of his rights under the Eighth Amendment;

b. between April 4, 2005 and June 20, 2005, defendant Correll failed to treat plaintiff's medical conditions, deliberately causing plaintiff months of irregular heartbeat and severe pain, in violation of the Eighth Amendment;

c. defendant Roman Kaplan failed to adequately treat plaintiff's pain, in violation of the Eighth Amendment;

d. defendant Nancy Bowens disregarded plaintiff's pleas for increased pain medication for the purpose of causing plaintiff to suffer needlessly, in violation of the Eighth Amendment;

e. defendant Deb Lemke deliberately cancelled an appointment plaintiff had to discuss his pain and isolated him with an inmate with a contagious skin disease in retaliation

13

for plaintiff's having filed a supervisory writ in state court;

 f. defendant Lemke failed to adequately treat plaintiff's pain, failed to provide him with an extra pillow and intentionally included false information in plaintiff's medical file for the purpose of interfering with his treatment, which later caused plaintiff to be denied treatment, all in violation of the Eighth Amendment;

 g. defendants James Greer and Thomas Edwards have a policy of refusing to treat a prisoner's chronic pain with anything except ibuprofen and naproxen, in violation of the Eighth Amendment;

 h. defendant Edwards refused to treat plaintiff's pain in September 2006 and February 2007, in violation of the Eighth Amendment;

 i. defendants Jennifer Delvaux and Patricia Voermans turned a blind eye to plaintiff's pleas for intervention to obtain proper medical assistance, in violation of the Eighth Amendment;

 j. defendant William Pollard placed plaintiff in a cell that requires him to climb stairs, which significantly aggravates plaintiff's pain, despite the availability of other cells and refused to authorize an extra pillow or mattress for plaintiff, despite plaintiff's continuing pain in his neck, shoulders and back, in violation of the Eighth Amendment.

 3. Plaintiff is DENIED leave to proceed on all other claims.

 4. Defendant Helen Nelson is DISMISSED from the case.

5. Plaintiff is directed to take immediate steps to serve the new defendants with the first amended complaint. The current defendants may file their answer to the amended complaint at the same time that the new defendants file their answer.

Entered this 3d day of October, 2007.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge